**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

FILED
CLERKS OFFICE

2012 JUN 28  P 2: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

**ANN MARIE CIMENO**                    :
                                        :
**V.**                                  :    **C.A. No. 12-**
                                        :
**CARDWORKS SERVICING, LLC**            :

## COMPLAINT

### Parties

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and invasions of the Plaintiff's personal privacy by these Defendants in their illegal efforts to collect a previously settled consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4. Plaintiff is a natural person who resides in the Town of Norwood, County of Norfolk, Commonwealth of Massachusetts, and is a "consumer" as defined by 15 USC §1692(a)(3).

5. Defendant, CardWorks Servicing, LLC, is a debt collection company with its principal place of business located at 101 Crossways Park West, Woodbury, NY and is a "debt collector" as defined by 15 USC § 1692(a)(6).

### Violations of the FDCPA

6. Plaintiff repeats her allegations contained in Paragraphs 1 through 5 of the Complaint, and incorporates the same herein.

7. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 USC § 1692(a)(5), namely, a credit account from Merrick

Bank, which was used to make Plaintiff's personal purchases.

8. Sometime thereafter, the alleged debt was cosigned, placed or otherwise transfer to Defendant for collection from Plaintiff.

9. On October 12, 2009, The Mossler Law Firm, P.C. advised Merrick Bank of its representation of Plaintiff and demanded Merrick Bank cease communication with Plaintiff pursuant to the FDCPA. A copy of this letter is attached hereto as Exhibit A.

10. On or about October 21, 2009, a representative of Defendant contacted the law firm regarding the Plaintiff's account.

11. Subsequently, Defendant contacted Plaintiff directly via telephone and threatened to take legal action against Plaintiff. Plaintiff advised Defendant of her continued representation by the law firm.

### Damages

12. Plaintiff repeats her allegations contained in Paragraphs 1 through 11 of the Complaint, and incorporates the same herein.

12. The conduct of Defendant in an effort to collect this debt after notice of attorney representation was a violation of multiple provisions of the FDCPA, including, but not limited to 15 USC §§1692(b)(6), 1692 (c)(a)(2), 1692(c)(c), 1692(e)(4), 1692(e)(5), 1692(e)(10), and 1692(f).

13. Plaintiff has suffered actual damages as a result of this illegal collection communication in the form of humiliation, anger, anxiety, emotional distress, fear frustration, embarrassment, amongst other negative emotions, as well as as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

14. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 USC §1692 et seq.

15. As a result of the Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 USC §1692(k)(a)(1); statutory damages in an amount up to $1,000.00 pursuant

to 15 USC §1692(k)(a)(3) from the Defendant herein for each and every violation cited herein.

16.Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

17.Plaintiff had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

18.These intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

19.As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

**WHEREFORE,** Plaintiff requests that judgment be entered against each and every Defendant:

    a.      for an award of actual damages pursuant to 15 USC §1692(k)(a)(1) against the Defendant and for the Plaintiff.

    b.      for an award of statutory damages of $1,000.00 pursuant to 15 USC §1692(k)(a)(2)(A) against the Defendant and for the Plaintiff.

    c.      for an award of costs of litigation and reasonable attorney's fees pursuant to 15 USC §1692(k)(a)(3) against each and every Defendant and for the Plaintiff.

    d.      for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 27, 2012

Elizabeth W. Shealy, Esq.
BBO #658015
86 Preston Drive
Cranston, RI 02910
(401) 556-0324